UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>GLOBAL ONLINE DIRECT, INC., et al.,<br><br>　　　　Defendant(s). | No. C08-80143 SBA (BZ)<br><br>**CERTIFICATION OF FACTS RE: CONTEMPT** |

**I HEREBY CERTIFY** the following facts to the Honorable Saundra Brown Armstrong in support of an entry of a judgment of civil contempt against Stephen L. Wakefield ("Wakefield") and Pantera San Francisco Pure Trust Organization ("Pantera") (collectively "the witnesses").[1]

---

[1] In a matter referred under 28 U.S.C. 636(b), a magistrate judge has the power to certify to a district judge facts supporting the entry of a judgment of contempt for disobedience of a lawful order. 28 U.S.C. 636(e)(6)(B). If an act constituting contempt occurs before a magistrate judge, he or she must certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district

1

1. On April 25, 2007, the Securities and Exchange Commission ("SEC") commenced an action against defendants Global Online Direct, Inc., Bryant E. Behrmann, and Larry "Buck" E. Hunter in United States District Court, Northern District of Georgia, Atlanta Division, for violations of federal securities laws.

2. On June 4, 2007, the U.S. District Court, Northern District of Georgia, appointed Michael A. Grassmueck ("Receiver") as receiver for Global Online Direct, Inc. and its subsidiaries and affiliates and any entities controlled by them (collectively referred to as the "Receivership Entities"). The Receiver was charged with the duties of investigating which assets of the receivership entities were transferred to third parties, including Wakefield and Pantera, and fraudulently diverted from the investors and creditors of Global Online Direct, Inc.

3. On March 28, 2008, the Receiver issued subpoenas in the Northern District of California to obtain production of documents and deposition testimony from Wakefield and Pantera. Neither of the witnesses complied with the subpoenas.

4. On July 14, 2008, the Receiver filed two motions before Judge Armstrong: a Motion to Compel Compliance with Subpoenas for Production of Documents and for Depositions, and a Motion for an Order to Show Cause Why a Contempt Citation

---

judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.  28 U.S.C. 636(e)(6).

2

1  Should Not Be Issued.
2       5.   On September 9, 2008, Judge Armstrong referred the
3  Receiver's two motions to me.
4       6.   On September 23, 2008, I attempted to resolve the
5  motions informally by scheduling a telephonic conference.
6  Neither of the witnesses appeared for the telephonic
7  conference.
8       7.   On October 2, 2008, I issued a order scheduling the
9  Receiver's motions for hearing on October 29, 2009.
10      8.   On October 29, 2008, after neither Wakefield nor
11 Pantera attended the hearing, I issued an Order Compelling
12 Compliance with Subpoenas ("Compliance Order").  I ordered the
13 witnesses to produce the subpoenaed documents within 10 days
14 of being served with the Compliance Order and further ordered
15 the witnesses to attend their depositions within 20 days of
16 being served with the Compliance Order.  I also ordered the
17 witnesses to pay certain fees and costs to the Receiver for
18 attorney's fees and court reporter costs.  I denied the
19 Receiver's motion for civil contempt sanctions without
20 prejudice, subject to a renewal if the witnesses did not abide
21 by the Compliance Order.
22      9.   The Compliance Order was served on the witnesses on
23 November 8, 2008.  Pantera and Wakefield failed to comply with
24 the terms of the Compliance Order.
25      10.  On February 18, 2008, the Receiver filed a Motion
26 for Order to Show Cause Re Contempt.  No opposition to the
27 motion was filed and neither of the witnesses appeared for the
28 hearing held on March 25, 2009.

3

The witnesses' refusal to comply with the Compliance Order is a clear violation of a court order, as is the witnesses' failure to appear at the various scheduled court hearings and telephonic conferences, from which neither Wakefield nor Pantera were excused.  Under these circumstances, I deem it appropriate to certify this matter to Judge Armstrong's authority under 28 U.S.C. 636(e)(6)(iii) to issue a judgment of civil contempt requiring Wakefield and Pantera to comply with my previous Compliance Order and imposing such other sanctions as are appropriate.

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.   Non-party witnesses Wakefield and Pantera must appear in person before Judge Armstrong on **Tuesday, May 19, 2009 at 1:00 p.m. in Courtroom 3, 3rd floor**, Federal Building, 1301 Clay Street, Suite 400S, Oakland, California 94612, and show cause why either or both should not be adjudged in contempt of court for their failure to comply with the Compliance Order.

2.   Any response to the Order to Show Cause must be filed by no later than **May 1, 2009, at 5:00 p.m.**, and must be served on the Receiver and Receiver's counsel by overnight mail.

3.   Any reply to the response to the Order to Show Cause must be filed no later than **May 8, 2009, at 5:00 p.m.** and must be served on Pantera and Wakefield by overnight mail.

4.   The Order to Show Cause hearing shall be taken off calendar if a declaration of Receiver's counsel is filed stating that Pantera and Wakefield have satisfactorily complied with the Order Compelling Compliance with Subpoenas, entered on **October 29, 2008**.

1          5.   The Receiver shall personally serve this
2    Certification on Wakefield and Pantera by **April 15, 2009**, and
3    file a proof of service.
4    Dated:   March 26, 2009
5                                  _____
6                                       Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\-BZCASES\SEC v. GLOBAL ONLINE DIRECT\ORDER RE CERTIFICATION FOR
CONTEMPT.v2.wpd